HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM LEROY LENZ, <br><br> Defendant. | No. CR19-198 JLR <br><br> ORDER GRANTING UNOPPOSED MOTION TO SCHEDULE GUILTY PLEA HEARING VIA VIDEOCONFERENCE |

This matter comes before the Court on Defendant William Leroy Lenz's motion to proceed with entry of a guilty plea by video conference. The Court has considered the motion and the files and pleadings herein, and for the reasons set forth below hereby GRANTS the motion.

## I. PROCEDURAL HISTORY

Defendant is charged by Indictment in this matter with one count of Attempted Transportation of Child Pornography and one count of Possession of Child Pornography. At his detention hearing on September 26, 2019, the Court denied the government's motion for detention and entered an appearance bond placing Defendant on home detention with location monitoring. He remains on bond. This mater is currently scheduled for trial on October 5, 2020.

Order to Schedule Guilty Plea
By Videoconference - 1
*USA v. Lenz*, CR19-238RAJ

THE MERYHEW LAW GROUP
200 BROADWAY, SUITE 301
SEATTLE, WA 98122
PHONE: (206) 264-1590

The parties have reported they have reached a plea agreement. In-person plea hearings are not currently possible per the General Orders entered by Chief Judge Ricardo S. Martinez relating to closure of the courthouse. Pursuant to General Order 11-20, the courthouses in the Western District of Washington will not be open for such proceedings until at least September 8, 2020. In light of this continued delay, Defendant has brought a renewed motion seeking to conduct his plea hearing by videoconference. The motion is an unopposed motion.

## II. DISCUSSION

Ordinarily, a defendant "must be present" for a change of plea hearing. Fed. R. Civ. P. 43(a). Rule 43 provides for limited exceptions, including for some sentencing proceedings, but none of the exceptions applies to a plea. Fed. R. Civ. P. 43(c). Consequently, under ordinary circumstances, "the district court has no discretion to conduct a guilty plea hearing by videoconference, even with the defendant's permission." United States v. Bethea, 888 F.3d 864, 867 (7th Cir. 2018). But these are not ordinary circumstances. Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") empowers Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4). The Chief Judge of this Court has made such an authorization. General Order 04-20 (W.D. Wash. March 30, 2020), General Order 09-20 (W.D. Wash. June 25, 2020). Thus, a plea hearing may be held by videoconference, but only upon a finding "for

Order to Schedule Guilty Plea
By Videoconference - 2
*USA v. Lenz*, CR19-238RAJ

THE MERYHEW LAW GROUP
200 BROADWAY, SUITE 301
SEATTLE, WA 98122
PHONE: (206) 264-1590

specific reasons that the plea . . . cannot be further delayed without serious harm to the interests of justice." CARES Act §15002(b)(2)(a); General Order 04-20 at 3, General Order 09-20. The defendant indicates he would like to take responsibility in this matter and resolve it in a timely fashion. He argues this hearing cannot be delayed without serious harm to the interests of justice in that further delay in scheduling sentencing, which given the extended closure of the courthouse will take longer than usual due to the backlog of cases on the Court's docket, will result in defendant's possible loss of programming opportunities while in custody. Given the extended delay in reopening the courthouse, the Court finds that delay of the plea hearing to a time when it can be conducted in person presents a serious harm to the interests of justice.

### III. ORDER

For the reasons set forth above, Defendant's motion does identify circumstances that can support a finding of "serious harm to the interests of justice" as required by the CARES Act and General Orders 04-20 and 09-20. Therefore, it is hereby ORDERED that Defendant Lenz's motion to appear by videoconference for entry of a guilty plea, is GRANTED. The parties are directed to schedule a plea hearing to be held via videoconference before the criminal-duty magistrate judge.

Dated this 3rd day of September, 2020.

The Honorable James L. Robart
U.S District Court Judge

Presented by:

*/s/Brad A. Meryhew*
Brad A. Meryhew, #WSBA#26797
Attorney for Michael Lenz

Order to Schedule Guilty Plea
By Videoconference - 3
*USA v. Lenz*, CR19-238RAJ

THE MERYHEW LAW GROUP
200 BROADWAY, SUITE 301
SEATTLE, WA 98122
PHONE: (206) 264-1590